HUNTSVILLE. The (ROBERTS v.). See Case No. 11,904.

HUNTT (COPE v.). See Case No. 3,206.

HUNTT (WHITNEY v.). See Case No. 17,589.

HUPPENBAUER v. U. S. See Case No. 3,097.

HURD (HALSEY v.). See Cases Nos. 5,966 and 5,967.

## Case No. 6,917.

### HURD et al v. REEVE et al.

[N. Y. Times, June 2, 1855.]

District Court, S. D. New York. 1855.

COLLISION—STEAMER AND SAILING VESSEL—HOLDING TO COURSE—RECORDING OF BILL OF SALE OF VESSEL—LIABILITY OF GRANTOR.

[1. Where it appears that a collision between a steam vessel and a sail vessel would not have happened if the latter had held her course, and that she changed it without reason, and when not in danger of collision, she will alone be held liable.]

[2. The grantor in a bill of sale of a vessel cannot be prejudiced by the grantee's neglect to record it, and cannot be made personally liable for her negligent navigation after his interest has ceased.]

This libel is filed by [Joseph L. Hurd and others], the owners of the propeller Falcon, against the respondents [Nathan Reeve and others], as owners of the schooner C. Reeve, to recover the damage occasioned to the former by a collision between the two vessels, which happened on Lake Erie on the night of Dec. 2, 1854. The libelants reside in Detroit, and the respondents reside in Newburg, N. Y. The collision occurred about thirty miles from Buffalo, between 10 and 11 o'clock at night. The propeller was bound from Detroit to Buffalo, properly equipped in every respect, and until a moment before the collision was heading east by north half north, the proper course for her. The wind was blowing an eight or nine-knot breeze from the southeast, and the schooner, after leaving Port Colbourne, on the Canada side of the lake, headed southwest until a short time before the collision, when she altered her course a little further to the west. It was a clear moonlight night, and both vessels saw each other when four or five miles apart. When first seen from the propeller, the schooner was a little over her larboard bow, but changed her position until she was four points on the propeller's starboard bow. While both vessels were then pursuing a course which would have carried them clear of each other, the propeller starboarded her helm so as to carry her farther from the schooner, and at about the same time the schooner ported her helm, changed her course six or seven points, and came right into the propeller, striking her on her broadside, and so injuring her that, to save her from sinking, a large portion of her cargo was thrown overboard. And the libelants claim to recover damages to the amount of about $26,000. At the time of the collision the respondents stood as owners of the schooner on the books of the custom house. But on the 9th day of October previous, a bill of sale was executed and delivered by the respondents Powell, Ramsdell & Co., to the respondent Nathan Reeve, conveying to him the half of the schooner owned by them. This bill of sale was not, however, recorded until after the commencement of the suit.

Owen & Bose, Mr. Ganson, and Mr. Newberry, for libelants.

Dunning & Fullerton and A. W. Bull, for respondents.

HELD BY THE COURT (INGERSOLL, District Judge) that it was admitted by all the witnesses who saw the collision that it would not have happened if the schooner had kept her course, and not ported her helm. That when a steam vessel meets a sailing vessel, as in this case, it is the right and duty of the sailing vessel to keep her course, and the duty of the steamer to avoid her, and to act upon the supposition that the sailing vessel will keep her course. [St. John v. Paine] 10 How. [51 U. S.] 583. That the propeller adhered to this rule, but it was violated by the schooner, and without any good reason. That the rule that, where two vessels

meet, each shall pass to the right, is not applicable in this case, for two reasons: First, the two vessels were not on the same line, or nearly so; and, second, the schooner had a privileged course, and was not bound to change it. No maritime rule can be adopted, by which another and a paramount rule will be violated, and the rule of passing to the right, if adopted in this case, would be in violation of the rule laid down in 10 How. That the schooner, therefore, would be liable for the damages occasioned by the collision, and her owners at the time are also liable.

That it was not intended by the act of congress requiring bills of sale to be recorded that the grantor in a bill of sale should be prejudiced because the grantee neglected to have it recorded. A bill of sale is not a complete instrument, and cannot be recorded until after it is delivered, and when delivered it is no longer in the control of the grantor, because an act was not done, which he could not do, or compel to be done. That Powell, Ramsdell & Co. therefore have ceased to have any charge or control over the vessel, or to be interested in her navigation from the time of the delivery of the bill of sale. That the libel must therefore be dismissed, as against them, and the libelants must have a decree against Nathan Reeve alone for their damages, to be ascertained by the usual reference.